FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINO RENION,<br><br>Petitioner,<br><br>v.<br><br>JEFFERY A. UTTECHT,<br><br>Respondent. | NO: 1:19-CV-3043-RMP<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

BEFORE THE COURT is a Petition for Writ of Habeas Corpus filed by Petitioner Christino Renion. ECF No. 1. Mr. Renion argues that he was improperly sentenced because the Washington State Court of Appeals improperly calculated his offender score under Washington's sentencing laws. *Id.* Having reviewed the briefing, the relevant law, and the record, the Court is fully informed.

## BACKGROUND

On October 13, 2016, Mr. Renion was found guilty by a jury of three counts of Felony Violation of a Protection Order – Domestic Violence in Yakima County, Washington. ECF No. 10-1 at 53. Under Washington State's Sentencing Reform

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 1

1  Act, Mr. Renion was assigned an "Offender Score" of 4 for each crime. *Id.* at 54.
2  The sentencing range for each crime was 22–29 months. *Id.* The trial judge
3  sentenced Mr. Renion to 29 months on each count, all of which were to run
4  concurrently. *Id.* at 55.

5  Eleven days after the trial court sentenced Mr. Renion, the State of
6  Washington moved for reconsideration of the sentence. ECF No. 10-1 at 63. The
7  State argued that Mr. Renion's offender score was improperly calculated because,
8  under Washington's sentencing laws, a prior gross misdemeanor domestic violence
9  conviction counts as a point toward the offender score for a felony domestic
10 violence conviction, and Mr. Renion's prior gross misdemeanor domestic violence
11 convictions were not included in his offender score. *Id.* The State argued that Mr.
12 Renion's offender score should be seven instead of four. *Id.* at 68. Mr. Renion's
13 attorney argued that his offender score was properly calculated, *Id.* at 71, and a
14 hearing was held on the matter. *Id.* at 76. Following the State's motion to
15 reconsider Mr. Renion's sentence, the trial court amended its judgment, found that
16 Mr. Renion's offender score was seven, and re-sentenced Mr. Renion to 48 months
17 on all three counts, running concurrently. *Id.* at 107–08.

18 Mr. Renion appealed the trial court's calculation of the offender score and the
19 trial court's imposition of certain legal financial obligations to Division III of the
20 Washington State Court of Appeals. ECF No. 10-1 at 119–20. As to the offender
21 score, Mr. Renion argued that the trial court improperly calculated his offender score

because it misinterpreted Washington's sentencing laws and included gross misdemeanor domestic violence offenses in the calculation of the score. *Id.* Mr. Renion argued that the statute regarding the offender score calculation for a felony domestic violence offense, Wash. Rev. Code § 9.94A.525(21), states not to include prior offenses that were not felonies in the calculation. *Id.* Relying on its prior decision in *State v. Rodriguez*, 335 P.3d 448 (Wash. Ct. App. 2014), the Court of Appeals affirmed the trial court's interpretation of the offender score calculation statute and found that Mr. Renion's offender score of seven was correct. ECF No. 10-1 at 179. Mr. Renion petitioned for discretionary review by the Supreme Court of Washington, *Id.* at 213, but his petition was denied. *Id.* at 254.

Thereafter, Mr. Renion filed the present Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. He argues that the Washington courts improperly determined his offender score as seven instead of four because they misinterpreted Wash. Rev. Code § 9.94A.525(21) "in violation of the Fed. SRA." *Id.* at 5. The Court ordered service of Mr. Renion's petition, ECF No. 7, and the State of Washington, on behalf of Respondent Jeffrey Uttecht, filed its response. ECF No. 9.

## ANALYSIS

***Exhaustion and Federal Jurisdiction***

Before a state prisoner may be granted federal habeas relief, the prisoner must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1); *see also O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842 (1999).  A prisoner exhausts state remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  It is unnecessary for a prisoner "to ask the state for collateral relief, based on the same evidence and issues already decided by direct review." *Id.* at 844 (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

Mr. Uttecht concedes that Mr. Renion exhausted his state court remedies.  ECF No. 9 at 5.  The record shows that Mr. Renion presented the same arguments to the Court of Appeals and then the Supreme Court of Washington before filing his petition.  ECF No. 10-1 at 213.  The exhaustion requirement is satisfied, and the Court may review Mr. Renion's petition on its merits.

***Evidentiary Hearing***

A district court may rule on a habeas petition without an evidentiary hearing if the "issues [] can be resolved by reference to the state court record." *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994).  Here, the state court record is sufficient to resolve Mr. Renion's claim without a hearing.

***Standard of Review***

The Antiterrorism and Effective Death Penalty Act ("AEDPA") (PL 104-132) substantially amended 28 U.S.C. § 2241 *et seq.* and governs review of habeas petitions filed after April 24, 1996.  *See Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003); *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004).  Under AEDPA, a

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 4

district court looks to the final ruling of the highest state court and presumes the state court's factual findings are correct. *Miller-El*, 537 U.S. at 340. The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Here, the Court presumes that the Supreme Court of Washington's findings in its order denying Mr. Renion's petition for review are correct. ECF No. 10-1 at 254 (Exhibit 25).

Furthermore, the scope of this Court's review is limited to deciding whether Mr. Renion's sentence was entered in violation of the federal constitution or laws. 28 U.S.C. § 2254(a). A federal court may not grant relief on any claim that was adjudicated on the merits in a state court proceeding unless the adjudication resulted in either (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

***Discussion***

Mr. Renion argues that the state trial court incorrectly calculated his sentencing offender score "in violation of the Fed. SRA" as his sole ground for habeas corpus relief. ECF No. 1 at 5. He incorporates his petition to the Supreme Court of Washington for discretionary review as his supporting facts for his habeas corpus petition. *Id.* In that petition, Mr. Renion argued that the Court of Appeals

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 5

misapplied doctrines of statutory construction to Washington's sentencing laws to find that his prior gross misdemeanors for domestic violence offenses should be included in the calculation of his offender score. ECF No. 10-1 at 213.

Mr. Renion's petition challenges an interpretation of Washington state law by a Washington state court, which this Court cannot overturn. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The Court of Appeals'[1] interpretation of Wash. Rev. Code § 9.94A.525 to calculate Mr. Renion's offender score is binding on this Court, and absent any federal constitutional violations created by the Court of Appeals' interpretation, the Court may not review the Court of Appeals' decision.

Mr. Renion claims that the calculation of his total offender score violated the Federal SRA. ECF No. 1 at 5. However, it is unclear how any federal sentencing law would apply to Mr. Renion's sentence in state court for state crimes. Mr.

---

[1] Normally, the Court would interpret the "last reasoned state-court decision" on federal habeas review, but when a state court does not explain the reason for its decision, the Court "looks through" to the last state-court decision "that provides a reasoned explanation capable of review." *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014). Because the Supreme Court of Washington denied Mr. Renion's petition for discretionary review without explanation, the Court relies on the decision by the Washington Court of Appeals.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 6

Renion's sentence was determined solely on Washington law, and there is no reference to federal sentencing laws in the record, except by Mr. Renion. *See* ECF No. 10-1.

In 1984, Congress passed the Sentencing Reform Act (PL 98-473) as a part of the broader Comprehensive Crime Control Act of 1984, which, among other things, established the United States Sentencing Commission. There is no basis for this Court to conclude that the provisions of this Act would apply to Mr. Renion's state court sentence or would allow this Court to find that the Washington Court of Appeals improperly calculated Mr. Renion's offender score. The Court finds nothing in the record to support that the Washington Court of Appeals' calculation of Mr. Renion's offender score was contrary to, or an unreasonable application of, established Supreme Court authority, or was an unreasonable determination of the facts in light of the evidence presented or the controlling state law. 28 U.S.C. § 2254(d).

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, **ECF No. 1**, is **DENIED**.

2. The Petition is **DISMISSED WITH PREJUDICE**.

3. Judgment shall be entered for Respondent.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to Petitioner at his last known

address and to counsel, and **close the file**.  The Court further certifies that under 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** August 7, 2019.

       *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
       United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 8